IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YVONNE MURPHY,<br><br>    *Plaintiff*,<br><br>v.<br><br>MARYANN CROOME, *et al.*,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>5:21-cv-00144-TES |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Washington County Board of Commissioners' ("Defendant") Motion to Dismiss [Doc. 5]. Upon review of the docket, it appears that Plaintiff Yvonne Murphy ("Plaintiff") has failed to respond to Defendant's Motion. However, Defendant's Motion is now ripe for review. For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 5].

BACKGROUND

A.    **Factual Summary**

The Court accepts the following factual allegations set forth in Plaintiff's Complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). On March 31, 2018, Plaintiff signed a one-year lease agreement with JEC Properties, LLC to rent the property located at 702 Harrison Street, Sandersville, Georgia 31082. [Doc. 1, p. 2]; [Doc. 1-2, p. 1]. Before Plaintiff signed this lease, she had viewed the property and noted

several maintenance issues that she wanted resolved prior to her move-in date. [Doc. 1, p. 2]. Plaintiff presented her issues with the rental property to Defendant Maryann Croome—the representative party for JEC Properties, LLC. [*Id.*]; [Doc. 1-2, p. 2]. It is alleged that Defendant Marryann Croome had agreed to make the necessary repairs to the property. [Doc. 1, p. 2]. Plaintiff then left the state of Georgia and traveled to Maryland, where she resided for several months. [*Id.*]. Then, in June 2018, Plaintiff temporarily moved to Georgia and visited her rental property, only to discover that the property was "in worst condition than before." [*Id.*].

Plaintiff demanded a return of her security deposit and monthly rent for the period of March 31, 2018, through July 1, 2018, but Defendant Maryann Croome (acting on behalf of JEC Properties, LLC) refused to return such funds. [*Id.* at pp. 2–3]. Then, Plaintiff alleges that Defendant Sandersville Police Department "prepared a false eviction report against Plaintiff" so that she could not reside at the property. She also alleges that the Magistrate Court of Sandersville Georgia (the "Magistrate") was involved in this alleged fraudulent eviction report. [*Id.* at p. 4].

### B.   Procedural Background

On April 26, 2021, Plaintiff filed suit against Defendants Maryann Croome, JEC Properties, LLC, Sandersville Police Department, and Defendant, alleging various violations of her civil rights related to the lease agreement she signed with JEC Properties, LLC. [Doc. 1]. At this time in the proceedings, only Defendant has appeared

in this action.¹ *See* [Doc. 4]; [Doc. 5]. Specifically, Defendant moved to dismiss those claims asserted against it based upon the following reasons: (1) it had not been a party to Plaintiff's lease agreement with JEC Properties, LLC; (2) it is not a legal entity capable of being sued in this civil action; (3) Plaintiff failed to comply with ante litem notice requirements; and (4) Plaintiff's pleading generally fails to state a claim against Defendant. [Doc. 5-1, p. 1–2]. Plaintiff has failed to respond to Defendant's dismissal motion or otherwise defend her claims against Defendant. Accordingly, Defendant's Motion is now ripe for review.²

**C.    Motion to Dismiss Legal Standard**

A complaint survives a motion to dismiss if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that

---

¹ Defendant Washington County Board of Commissioners ("Defendant") waived service in this action and timely filed a Rule 12 motion in response to the allegations contained in Plaintiff's Complaint. [Doc. 4]; [Doc. 5]. However, there is no indication (at this time) that Plaintiff has complied with the service requirements set forth in Federal Rule of Civil Procedure 4(m) and properly served the *other* parties in this action—Defendants Maryann Croome, Sandersville Police Department, and JEC Properties, LLC. Therefore, the Court entered an Order [Doc. 8] instructing Plaintiff to show cause why her claims against those parties should not be dismissed for failure to timely perfect service of process.

² Defendant filed its Motion to Dismiss [Doc. 5] on July 23, 2021. Pursuant to Middle District of Georgia Local Rules, Plaintiff had 21 days after service of Defendant's Motion to submit her response. *See* LR 7.2, MDGa. More than 21 days have passed without a response from Plaintiff. Therefore, Defendant's Motion will be treated as unopposed.

3

actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally, complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. In addition to considering the four corners of a complaint, a district court may also consider an extrinsic document only if it is central to a plaintiff's claim and its authenticity has not been challenged. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

## DISCUSSION

A.    **Abandonment**

Plaintiff has failed to respond to Defendant's dismissal motion. "Courts in the Eleventh Circuit and beyond have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in the motion." *Kirkland v. Cnty. Comm'n of Elmore Cnty.*, No. 2:08cv86-MEF, 2009 WL 596538, at *2 (M.D. Ala. Mar. 6, 2009) (listing cases finding that a plaintiff's failure to properly respond to claims addressed in a defendant's motion to dismiss results in the dismissal of those claims as abandoned). Accordingly, Plaintiff has abandoned her claims against Defendant, and on this ground alone, the Court could easily dismiss her claims against Defendant. *See Devese v. Chase Home Fin., LLC*, No. 1:11-CV-2882-AT-JFK, 2012 WL 13134463, at *1 (N.D. Ga. Apr. 16, 2012), *adopted by* 2012 WL 13134462 (N.D. Ga. June 21, 2012) ("When a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b), granting the motion based solely on the party's failure to respond is within the discretion of a district judge."). However, in light of Plaintiff's *pro se* status, the Court instead finds it more appropriate to review the substantive arguments presented in Defendant's Motion and issue a ruling on the merits. *See Tobias v. Ga. Dep't of Corr.*, No. 2:08-CV-62-RWS, 2009 WL 255632, at *1 (N.D. Ga. Dec. 3, 2009) (addressed the merits of defendant's dismissal motion in light of plaintiff's *pro se* status despite plaintiff's failure to respond in opposition to the motion); *see also Bradley v. Branch*

5

*Banking & Trust Co.*, No. 3:15-cv-00012-TCB-RGV, 2015 WL 11422296, at *4 (N.D. Ga. July 30, 2015) (collecting cases) *adopted by* 2015 WL 11455759 (N.D. Aug. 24, 2015) (addressing the merits of the dismissal motion despite finding that the plaintiff had abandoned his claims).

  **B.**  **Defendant's Motion to Dismiss (Various Grounds for Dismissal)**

    1.  <u>Sovereign Immunity</u>

Plaintiff brings suit against Defendant for its alleged (1) failure to investigate fraudulent actions undertaken by the Sandersville Police Department and the Sandersville Magistrate Court, and (2) willful ignorance of JEC Properties, LLC's manipulation of the Sandersville Police Department. *See* [Doc. 1]. Defendant moves to dismiss such claims asserted against it, first, on the basis that it is an arm of the Washington County government and is therefore not a legal entity capable of being sued in this action. [Doc. 5-1, p. 3 (citing *Bd. of Road and Revenue Comm'rs of Chandler Cnty. v. Collins*, 95 S.E.2d 758 (Ga. Ct. App. 1956))]. As an initial matter, "[u]nder Georgia law, the governing body of a county is a board of commissioners[.]" *SP Frederica, LLC v. Glynn Cnty.*, 173 F. Supp. 3d 1362, 1374 (S.D. Ga. 2016) (citing O.C.G.A. § 36-5-20). Therefore, a suit against the board of commissioners is nothing but a suit against the county itself. *Id.* at 1374–75; *see also Bd. of Comm'rs of Glynn Cnty v. Johnson*, 717 S.E.2d 272 (Ga. Ct. App. 2011); *Merritt v. Dixon*, 222 Ga. 432 (Ga. 1966). Accordingly, Defendant is entitled to the protection of sovereign immunity in this suit.

> As provided in Georgia's [C]onstitution, sovereign immunity extends to the counties, and a county's sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). *See also* O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute."). Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue. A waiver of sovereign immunity must be established by the party seeking to benefit from that waiver.

*Bd. of Comm'rs of Glynn Cnty.*, 717 S.E.2d at 274 (citing *McCobb v. Clayton Cnty.*, 710 S.E.2d 207 (Ga. Ct. App. 2011)). In this action, Plaintiff has not identified a single action taken by Defendant that would warrant a waiver of its immunity. Therefore, sovereign immunity bars all of Plaintiff's claims against Defendant.

    2.    <u>Ante Litem Notice Provision</u>

Despite the conclusion stated above, the Court will continue to address Defendant's arguments in favor of dismissal, as most of the remaining arguments address Plaintiff's potential claims against *Washington County itself*, rather than just the *Washington County Board of Commissioners*. For example, Defendants argue, that to the extent that Plaintiff intended to name *Washington County* as a defendant in this action, such claims would be barred by Plaintiff's failure to provide Washington County ante litem notice as required by O.C.G.A. § 36-11-1. [Doc. 5-1, pp. 4–5].

Under Georgia law, ante litem notice requires that "[a]ll claims against counties . . . . be presented within 12 months after they accrue or become payable or the same are

barred, provided that minors or other persons laboring under disabilities . . . . be allowed 12 months after the removal of the disability to present their claims." O.C.G.A. § 36-11-1. The purpose of this statute is "to give the [c]ounty notice of the [p]laintiff's grievance, and an opportunity to investigate and settle the claim before suit." *Jones v. E.R. Snell Contractor, Inc.*, 333 F. Supp. 2d 1344, 1351 (N.D. Ga. 2002) (citing *Burton v. Dekalb Cnty.*, 415 S.E.2d 647 (1992)). A generalized, oral complaint is insufficient to provide such notice—the ante litem notice must be in writing. *Williams v. Lowndes Cnty.*, 170 S.E2d 750 (1969).

Defendants are correct in that there is nothing on the record to indicate that Plaintiff has provided ante litem notice during the requisite time period. *See* [Doc. 5-1, p. 4]. Therefore, since Plaintiff has failed to comply with the statutory requirements to bring suit against a county, any claims against Washington County are due to be dismissed.

   3.  <u>Failure to State a Claim</u>

In its final argument, Defendant contends that any claims asserted against it are subject to dismissal "because Plaintiff fails to state a viable claim on the allegations as pled." [*Id.* at p. 4]. Once again, the basis for Plaintiff's suit against Defendant is its alleged failure to investigate fraudulent actions by the Sandersville Police Department and the Sandersville Magistrate Court and its willful ignorance of JEC Properties, LLC's manipulation of the Sandersville Police Department. Defendant correctly notes that a

8

county entity is only liable for "those acts for which the county is actually responsible." [Doc. 5-1, p. 5 (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Marsh v. Bulter Cnty.*, 268 F.3d 1014, 1027 (11th Cir. 2001)).]. Any liability must arise from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy[.]" *Monell*, 436 U.S. at 694. Therefore, in her pleading, Plaintiff needed to have "identi[fied] a municipal policy or custom that caused [her] injury." *Lawrence v. West Publ'g Co.*, No. 1:15-CV-3341-MHC, 2016 WL 4257741, at *7 (N.D. Ga. June 17, 2016) (citing *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003)). And, Plaintiff simply did not allege any facts to show a custom or policy for which Defendant could be responsible. Accordingly, she has failed to state a claim against Defendant, and her action against it is due to be dismissed on this ground as well.

## CONCLUSION

The Court has reviewed the merits of Defendant's dismissal motion and concludes that the arguments presented therein are legally sound. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 5].

**SO ORDERED**, this 20th day of August, 2021.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**